DROSTE *v.* CITY OF HIGHLAND PARK.

1. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE.
   Instrument will not be reformed on ground of mistake unless mistake was mutual.

2. MUNICIPAL CORPORATIONS—PRINCIPAL AND AGENT—AUTHORITY OF AGENT.
   Agreement by agent of village, negotiating for purchase of land, to include certain restrictions in deed, would not be binding on village unless his action was authorized or ratified.

3. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—MUNICIPAL CORPORATIONS.
   Where village charter requires four-fifths vote of council for purchase of land, and council in compliance therewith approved deed but did not know of or approve agreement by its agent to include therein certain restrictions, grantor is not entitled, on ground of mutual mistake, to have deed reformed to include said restrictions.

Appeal from Wayne; Campbell (Allan), J. Submitted January 5, 1932. (Docket No. 3, Calendar No. 36,058.) Decided April 4, 1932.

Bill by Elizabeth Droste against City of Highland Park, a municipal corporation, to reform a deed. Decree for plaintiff. Defendant appeals. Reversed.

*Edwin R. Monnig* and *Harold Goodman,* for plaintiff.

*Claude H. Stevens,* for defendant.

McDONALD, J. This bill was filed to secure the reformation of a deed on the ground of mutual mis-

---

* Continued from Vol. 257.

take.  On the hearing, a decree was granted to the plaintiff.  The defendant has appealed.  The testimony tends to establish the following facts:

In 1914, the village (now city) of Highland Park was constructing a water supply main from Lake St. Clair.  It desired to run the main through a small strip of land belonging to the plaintiff and her husband, Joseph Droste, now deceased.  The Drostes refused to grant a right of way.  The Gratiot Highlands Company owned a subdivision on the other side of Gratiot avenue across from the Droste property.  Mr. Hesse was an officer of that company and a friend of Mr. Droste.  So he was employed by Mr. Patterson, superintendent of water works of the village, to secure the right of way.  He was not successful, but, in subsequent negotiations, he secured an agreement from them to sell the property to the village for $550.  The agreement was in writing in the form of a receipt.  It reads as follows:

"June 20, 1914.

"Received of Gratiot Highlands Company, sum of twenty-five dollars, same being first payment on a strip of land 20 feet wide as shown by plan hereto attached and is a part of the s. e. corner of Taylor road and Gratiot avenue.

"The price is to be $550 for which sum Joseph Droste and wife agree to sell and Gratiot Highlands Company agree to purchase and the balance of the purchase price of $525 to be paid upon delivery of the warranty deed and a survey of the property and Mr. Droste and wife are to have a tap on each side of the property to take care of the two divided parts.

"It is understood that this land is to be used for the right of way for the Highland Park water main.

"(Signed) JOSEPH DROSTE.

"Accepted:

"GRATIOT HIGHLANDS COMPANY.

"By H. J. HESSE."

Subsequently, a warranty deed was executed by the Drostes to the village. The restriction as to the use of the property by the grantee was not carried into the deed. It was an unconditional conveyance of the fee. This bill was filed to reform the deed in accordance with the agreement.

It is well understood that an instrument will not be reformed on the ground of mistake unless the mistake was mutual. In this case, the agreement which the plaintiff says was omitted from the deed by mistake was made by Mr. Hesse, acting, it is claimed, for the village. Conceding, for the purpose of discussion, that Mr. Hesse was agent in negotiating for the right of way or the purchase of the property, his agreement to place a restriction on its use was not binding on the village unless his action was authorized or subsequently ratified. It is not claimed that it was authorized. The claim is that his agreement was ratified by the council. There is no merit in this claim. The village charter provided that no real estate or interest therein could be purchased or private property taken for public use except by concurrent vote of four-fifths of all members of the council (Highland Park Village Charter, chap. 4, § 6). The agreement in question was not presented to the council. The deed was presented and accepted and payment of the purchase price ordered. But there is nothing in the record tending to show that the council or any other of the city authorities ever heard of the agreement. The deed which they accepted contained no restriction or reservation whatever. It was an absolute conveyance of the fee. There was no mistake on the part of the grantee. The agent who drafted the deed may have made a mistake in omitting therefrom some of his agreements with the vendors, but his omission was not the

act of the village. He made promises to the plaintiffs which he omitted from the deed, but they were not promises of the village, because they were made without authority and were not ratified. The mistake was not mutual to the parties named in the deed. In *Adams* v. *Iowa Gas & Electric Co.*, 200 Iowa, 782 (203 N. W. 229), which was an action for a reformation of a contract so as to include representations of an agent, it was said:

"Unless it may be said that the representation of the agent was binding upon this defendant, the alleged mistake cannot be said to be mutual. It is elementary, that if one party is acting through an agent, it is necessary that he have authority to make the stipulations alleged to have been omitted from the contract."

In the instant case, reformation of the deed decreed by the trial court compels the defendant to accept a deed with conditions it never agreed to or approved. It was not a party to the mistake.

The decree of the trial court is reversed, and a decree will be entered here dismissing the plaintiff's bill. The defendant will have costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.